**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: March 31, 2022.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| In re: | § |
| | § Case No. 22-50117 |
| Activa Resources, LLC and | § Case No. 22-50118 |
| Tiva Resources, LLC, | § |
| | § Chapter 11 |
| Debtors. | § |
| | § (Jointly Administered Under |
| | § Case Number 22-50117) |
| | § |

## FINAL ORDER AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") authorizing, but not directing, the Debtors to pay certain Critical Vendor Claims held by Critical Vendors, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

21843430.5
239272-10002

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having entered the *Interim Order Authorizing the Debtors to Pay Certain Prepetition Claims of Critical Vendors* [Docket No. 55] (the "Interim Order"); and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. The relief provided in the Interim Order is approved on a final basis.

3. The Debtors are authorized, but not directed, to honor, pay, or otherwise satisfy prepetition amounts on account of Critical Vendor Claims to the extent necessary to avoid immediate and irreparable harm to the Debtors' estates; *provided, however*, the Debtors may expend no more than $75,000 in total during these cases pursuant to both this Final Order and the Interim Order.

4. The Debtors shall maintain a schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the

names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date (the "Critical Vendor Schedule"). Beginning with the date that is thirty (30) days from the entry of the Interim Order and every thirty (30) days thereafter to the extent any Critical Vendor is added or removed from the Critical Vendor Schedule, the Debtors shall provide a copy of such Critical Vendor Schedule to the U.S. Trustee, counsel to Texas Capital Bank, counsel for Cargill, any DIP Lender, and any statutory committee appointed in these Chapter 11 Cases. Beginning on April 11, 2022, and every sixty (60) days thereafter to the extent any Critical Vendor is added or removed from the Critical Vendor Schedule, the Debtors shall file a Notice on the docket attaching the Critical Vendor Schedule. Parties shall then have fourteen (14) calendar days to file written objections to Critical Vendor status or any payment made by the Debtors pursuant to this Order. If the objection is sustained, the vendor may be required to disgorge any such payments.

5. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The Debtors do not concede that any claims satisfied pursuant to this Interim Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection or seek the avoidance of all such liens or the priority of such claims.

6. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained hereunder shall be subject to the requirements imposed on the Debtors under any order of this Court approving the use of cash collateral (the "Cash Collateral Order") and any budget in connection therewith then in effect. In the event of any inconsistency between

the terms of this Final Order and the Cash Collateral Order, the terms of the Cash Collateral Order shall govern.

7. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b) as necessary to avoid immediate and irreparable harm.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

###

**Submitted by:**
Bernard R. Given II
State Bar No. 07990180
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200
Email: bgiven@loeb.com