**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 03, 2022.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Activa Resources, LLC and | § | Case No. 22-50117 |
| Tiva Resources, LLC, | § | Case No. 22-50118 |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered under |
| | § | Case No. 22-50117) |

**ORDER APPROVING APPLICATION FOR ORDER AUTHORIZING THE DEBTORS' RETENTION OF HAAS PETROLEUM ENGINEERING SERVICES, INC. AS PETROLEUM ENGINEERS, EFFECTIVE AS OF APRIL 8, 2022**

ON THIS DATE the Court considered the *Application for Order Authorizing the Debtors' Retention of Haas Petroleum Engineering Services, Inc. as Petroleum Engineers, Effective as of April 8, 2022* (the "**Application**"). All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application. The Court having reviewed the Application, Declaration of J. Thaddeus Toup in support of the Application and the terms of the Engagement Letter, the Court finds that (i) jurisdiction and venue are proper; (ii) this is a core proceeding over which the Court has authority to enter final orders; (iii) the retention of HPESI is in the best interests of the Debtors' estates; (iv) HPESI does not represent or hold any interest adverse to the

22078314.1
239272-10001

Debtors or their estates with respect to the matters on which HPESI is to be employed; (v) the Debtors have provided due and adequate notice of the Application and the hearing on such application under the circumstances; (vi) all objections to the Application, if any, have been resolved by this Order or are overruled in their entirety; and (vii) the Debtors have demonstrated good cause for entry of this Order.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Application is approved, as set forth herein, effective as of April 8, 2022.

2. The Debtors are authorized, pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code to engage HPESI upon the terms and for the purposes set forth in the Application and the Engagement Letter, including to perform the Services and the Additional Services.

3. The Debtors are authorized to pay the Flat Fee and to reimburse any expenses associated with the Services as described in the Application and the Engagement Letter in the ordinary course of business, as provided in the Engagement Letter, subject to the terms of this paragraph 3. HPESI shall provide invoices for such Flat Fee and for any expense reimbursements to the Debtors, the Office of the United States Trustee and counsel for any statutory committee (the "**Notice Parties**"). The Notice Parties will have ten business days to object to any such HPESI invoice, which objection must be raised in writing and which must identify with particularity the nature of any objection. If no objection is interposed, the Debtors shall be authorized to pay the applicable invoice without the need for HPESI to file any interim fee application. If an objection is interposed, the Debtors shall be authorized to pay any portion of the invoiced fees and expenses that are not subject to objection without the need for HPESI to file any interim fee application. HPESI, the Debtors and any objecting party will work in good faith to resolve any objection. To the extent any such objection cannot be resolved consensually, the Court will retain jurisdiction to

determine such objection. All fees paid pursuant to this paragraph 3 shall be subject to approval on a final basis pursuant to Section 328(a) of the Bankruptcy Code.

4. To the extent HPESI incurs any fees or expenses associated with any Additional Services, such fees and expenses shall be paid by the Debtors only upon approval of such fees and expenses in a subsequent order of the Bankruptcy Court.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order.

###

SUBMITTED BY:

LOEB & LOEB LLP
Bernard R. Given II (TX Bar No. 0790180)
10100 Santa Monica Boulevard
Los Angeles, California 90067
Tel: 310-282-2000
E-mail: bgiven@loeb.com

-and-

Bethany D. Simmons (*Pro Hac Vice*)
345 Park Avenue
New York, New York 10154
Tel: 212-407-4000
E-mail: bsimmons@loeb.com

22078314.1
239272-10001